# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 31, 2013

Lyle W. Cayce
Clerk

No. 12-60199
Summary Calendar

TEJMAN LAMA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 680 653

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Petitioner Tejman Lama petitions for review of the decision by the Board of Immigration Appeals (BIA) dismissing his appeal from the order of the Immigration Judge (IJ) denying withholding of removal based on a determination that Lama's testimony was not credible. As the BIA relied on the IJ's decision, we review both the IJ's decision and the order of the BIA. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); *Zhu v. Gonzales,* 493 F.3d 588, 593-94 (5th Cir. 2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To the extent that he contends for the first time that he is eligible for asylum, his failure to exhaust his administrative remedies by raising the issue before the BIA precludes us from exercising jurisdiction over such a claim. *See* 8 U.S.C. § 1252(d)(1); *Roy v. Ashcroft*, 389 F .3d 132, 137 (5th Cir. 2004). Although he asserts in passing that the IJ violated his substantive due process rights, Lama fails to brief this contention and thus waives it. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008). Lama has not renewed any, and therefore has abandoned all, of the other claims that he raised before the BIA with the exception of his claim that the IJ erred by denying withholding of removal relief based on an adverse credibility finding. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We review for substantial evidence the decision to deny withholding of removal and will not reverse unless the record compels it. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under the substantial-evidence standard, factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." § 1252(b)(4)(B).

In claiming that his credibility was compromised because he was denied the assistance of a Nepali translator, Lama does not address the BIA's holding that he had waived any such claim by explicitly conceding to proceed in English. Consequently, he has abandoned any contention that the BIA erred by holding that he waived that claim. *See Soadjede*, 324 F.3d at 833. Even though he asserts that the IJ improperly based the adverse credibility determination on, inter alia, numerous inconsistencies in Lama's testimony, "'an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances'" supports the determination. *Wang*, 569 F.3d at 538. Lama has failed to show that substantial evidence compels the conclusion that the denial of withholding of removal was erroneous. *See Zhang*, 432 F.3d at 344. The petition for review is DENIED.